FILED IN OPEN COURT
ON 6-25-2024 BC
Peter A. Moore, Jr., Clerk
US District Court
Eastern District of NC

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:24-CR-44-1
NO. ▓▓▓▓▓▓▓▓▓▓

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | INDICTMENT |
| | ) | |
| TORREY DENARD STEVENSON | ) | |
| a/k/a "Westside" | ) | [UNDER SEAL] |
| ▓▓▓▓▓▓▓▓▓▓ | ) | |

The Grand Jury charges that:

## COUNT ONE

Beginning in or about 2023, the exact date being unknown to the Grand Jury, and continuing up to and including November 20, 2023, in the Eastern District of North Carolina, and elsewhere, the defendants, TORREY DENARD STEVENSON, also known as "Westside," and ▓▓▓▓▓▓▓▓▓▓ did knowingly and intentionally combine, conspire, confederate, agree and have a tacit understanding with each other and other persons, known and unknown to the Grand Jury, to knowingly and intentionally distribute and possess with the intent to distribute fifty (50) grams or more of methamphetamine and a quantity of a mixture containing fentanyl, Schedule II controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

## COUNT TWO

On or about July 26, 2023, in the Eastern District of North Carolina, the defendant, TORREY DENARD STEVENSON, also known as "Westside," did knowingly and intentionally distribute a quantity of a mixture containing fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT THREE

On or about August 2, 2023, in the Eastern District of North Carolina, the defendant, TORREY DENARD STEVENSON, also known as "Westside," did knowingly and intentionally distribute five (5) grams or more of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT FOUR



## COUNT FIVE

On or about August 29, 2023, in the Eastern District of North Carolina, the defendant, TORREY DENARD STEVENSON, also known as "Westside," did knowingly and intentionally distribute five (5) grams or more of methamphetamine,

a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT SIX

On or about September 6, 2023, in the Eastern District of North Carolina, the defendants, TORREY DENARD STEVENSON, also known as "Westside," and ███████████████████████████ did knowingly and intentionally distribute five (5) grams or more of methamphetamine, a Schedule II controlled substance, and did aid and abet each other in so doing, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## COUNT SEVEN

On or about September 6, 2023, in the Eastern District of North Carolina, the defendants, TORREY DENARD STEVENSON, also known as "Westside," and ███████████████████████████ at a time separate and apart from that charged in Count Six, did knowingly and intentionally distribute five (5) grams or more of methamphetamine, a Schedule II controlled substance, and did aid and abet each other in so doing, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## COUNT EIGHT

[REDACTED]

3

## COUNT NINE

On or about September 21, 2023, in the Eastern District of North Carolina, the defendants, TORREY DENARD STEVENSON, also known as "Westside," and ███████████████████████████████████████ did knowingly and intentionally distribute fifty (50) grams or more of methamphetamine, a Schedule II controlled substance, and aided and abetted each other in so doing, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## COUNT TEN

On or about October 5, 2023, in the Eastern District of North Carolina, the defendants, TORREY DENARD STEVENSON, also known as "Westside," and ███████████████████████████████████████ did knowingly and intentionally distribute fifty (50) grams or more of methamphetamine, a Schedule II controlled substance, and aided and abetted each other in so doing, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## COUNT ELEVEN



## COUNT TWELVE

[REDACTED]

## COUNT THIRTEEN

On or about November 1, 2023, in the Eastern District of North Carolina, the defendants, TORREY DENARD STEVENSON, also known as "Westside," and [REDACTED] did knowingly and intentionally distribute fifty (50) grams or more of methamphetamine, a Schedule II controlled substance, and aided and abetted each other in so doing, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## COUNT FOURTEEN

On or about November 2, 2023, in the Eastern District of North Carolina, the defendant, TORREY DENARD STEVENSON, also known as "Westside," did knowingly and intentionally possess with intent to distribute fifty (50) grams or more of methamphetamine and a quantity of cocaine, Schedule II controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT FIFTEEN

[REDACTED]

## FORFEITURE NOTICE

Notice is hereby given that all right, title and interest in the property described herein is subject to forfeiture.

Upon conviction of any felony violation of the Controlled Substances Act charged herein, the defendant shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a), any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the said offense, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said offense.

Upon conviction of any violation of the Gun Control Act, the National Firearms Act, or any other offense charged herein that involved or was perpetrated in whole or in part by the use of firearms or ammunition, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and/or 26 U.S.C. § 5872, as made applicable by 28 U.S.C. § 2461(c), any and all firearms and ammunition that were involved in or used in a knowing or willful commission of the offense, or, pursuant to 18 U.S.C. § 3665, that were found in the possession or under the immediate control of the defendant at the time of arrest.

The forfeitable property includes, but is not limited to, the following:

[redacted]

b) A sum of money representing the gross proceeds of the offense(s) charged herein against TORREY DENARD STEVENSON and ▇▇▇▇▇▇ in the amount of at least $11,400.00.

If any of the above-described forfeitable property, as a result of any act or omission of a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

**REDACTED VERSION**
Pursuant to the E-Government Act and the federal rules, the unredacted version of this document has been filed under seal.

DATE: 6/25/2024

MICHAEL F. EASLEY, JR.
United States Attorney

BY: CAROLINE L. WEBB
Assistant United States Attorney

7